[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bonnell,* Slip Opinion No. 2014-Ohio-3177.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3177

THE STATE OF OHIO, APPELLEE, *v.* BONNELL, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Bonnell,* Slip Opinion No. 2014-Ohio-3177.]

*Criminal law—R.C. 2929.14(C)(4)—Consecutive sentencing—In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.*

(Nos. 2013-0167—Submitted January 7, 2014—Decided July 24, 2014.)

APPEAL from the Court of Appeals for Delaware County,

No. 12CAA030022, 2012-Ohio-5150.

_____

SYLLABUS OF THE COURT

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

_____

**O'DONNELL, J.**

{¶ 1}  This court has now come full circle on the question of whether a trial court must engage in judicial fact-finding prior to imposing consecutive sentences on an offender.

{¶ 2}  In 1996, the General Assembly limited trial court discretion to impose consecutive sentences by directing courts to make statutorily enumerated findings and to give supporting reasons for doing so at the time of sentencing. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136.  However, in accordance with decisions from the United States Supreme Court, this court held in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, that requiring judicial fact-finding prior to imposing consecutive sentences violated the Sixth Amendment guarantee of trial by jury.  We therefore severed the requirement of judicial fact-finding from the statute, struck the presumption in favor of concurrent sentences, and held that judges had discretion to impose consecutive sentences.

{¶ 3}  Subsequent to our decision in *Foster*, however, the United States Supreme Court issued *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), holding that a statutory requirement for judges in a jury trial to find certain facts before imposing consecutive sentences is constitutional. Accordingly, in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, we held that *Ice* did not automatically revive the consecutive-sentencing provisions held unconstitutional and severed from the statute in *Foster,* and as a result, we stated that judicial fact-finding would not be required prior to imposing consecutive sentences unless the General Assembly enacted new legislation requiring the court to make findings when imposing consecutive sentences.

{¶ 4}  Subsequent to *Hodge*, the General Assembly enacted Am.Sub.H.B. No. 86, effective September 30, 2011, reviving some of the statutory language we severed in *Foster*.  That legislation created a statutory presumption in favor of concurrent sentences and further directed courts to make statutorily enumerated

findings prior to imposing consecutive sentences, but it did not require courts to give reasons in support of its findings.

{¶ 5} In this case, Randall L. Bonnell Jr. appeals from a judgment of the Fifth District Court of Appeals affirming the imposition of consecutive sentences aggregating 8 years and 5 months for convictions arising out of four instances in which he took $117 in change from vending machines. The trial court, however, made some, but not all, of the statutorily required findings before it imposed the consecutive sentences. We reverse the judgment of the appellate court, vacate the sentence, and remand the matter to the trial court for resentencing.

**Facts and Procedural History**

{¶ 6} On August 26, 2010, Bonnell and Raymond Bush attempted to break into a vending machine at the Red Roof Inn in Grove City. However, in the process, they ruptured a water line, causing the room to flood, and they fled without stealing any money.

{¶ 7} Thereafter, on November 22, 2010, March 23, 2011, and October 3, 2011, they broke into vending machines at a Best Western Hotel in Delaware County, stealing approximately $117 in change and damaging machines owned by the Scioto Vending Company. Police arrested them as they drove away from the hotel on October 3, 2011.

{¶ 8} A Delaware County grand jury indicted Bonnell for engaging in a pattern of corrupt activity, possessing criminal tools, obstructing official business, three counts of burglary, and four counts each of theft and tampering with coin machines. He subsequently pleaded guilty to three third-degree-felony counts of burglary and one fifth-degree-felony count of tampering with coin machines, and the remaining counts were dismissed.

{¶ 9} At the sentencing hearing, the trial court heard arguments from the parties, but no one addressed whether the sentences should be served concurrently

or consecutively; notably, the state asserted only that Bonnell was not amenable to community control. The following colloquy occurred:

> The court: Going through all of the sentencing factors, I can not overlook the fact your record is atrocious. The courts have given you opportunities.
>
> The defendant: Yes.
>
> The court: On the PSI pages 4 through 16, it's pretty clear that at this point in time you've shown very little respect for society and the rules of society. The court feels that a sentence is appropriate.

The court then sentenced Bonnell to 30 months in prison for each burglary and 11 months in prison for tampering with coin machines, imposing consecutive sentences to aggregate a term of 8 years and five months in prison.

{¶ 10} In its journal entry imposing this sentence, the court wrote:

> Having considered the factual background of this case, the negotiations conducted in this case, the Pre-Sentence Investigation report prepared by Adult Court Services, the Defendant's counsel's statement, the Assistant Prosecuting Attorney's statement, the Defendant's statement, and, having considered the two overriding purposes of felony sentencing set forth in Section 2929.11 of the Ohio Revised Code, and having considered the seriousness and recidivism factors set forth in Section 2929.12 of the Ohio Revised Code, which the Court considers to be advisory only, the Court makes the following FINDINGS:
>
> 1. The Defendant's lengthy prison record.

2. A prison sentence is appropriate.

{¶ 11} Bonnell appealed to the Fifth District Court of Appeals, asserting that the imposition of consecutive sentences was contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4). 2012-Ohio-5150, ¶ 5. The appellate court determined that the trial court's statements at the sentencing hearing "when coupled with the trial court's acknowledgement that it has read and considered the PSI are sufficient to satisfy the factual findings requirement under R.C. 2929.1[4](C)(4)." *Id.* at ¶ 11. The appellate court concluded:

> The entire record adequately reflects consecutive sentences were necessary to protect the public and to punish Bonnell, and that they were not disproportionate to the seriousness of his conduct and the danger he posed to the public. In addition, Bonnell's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

*Id.* at ¶ 13.

{¶ 12} We accepted Bonnell's discretionary appeal on the following proposition of law: "A trial court must expressly make the findings required in R.C. 2929.14, give the reasons supporting those findings at the time of sentencing, and include said findings in its subsequent judgment entry."

{¶ 13} According to Bonnell, R.C. 2929.14(C)(4) and Crim.R. 32(A)(4) require the trial court to make express statutory findings *and provide reasons* in support of those findings when imposing consecutive sentences. He maintains that at a minimum, the trial court failed to make any finding that consecutive

sentences were not disproportionate to the seriousness of the conduct and to the danger to the public, asserting that "it is difficult to imagine that analysis took place because Mr. Bonnell is serving the better part of a decade in prison for the nonviolent property crime of stealing change from vending machines." According to Bonnell, the trial court should state its findings *and supporting reasons* at the sentencing hearing to give the offender an opportunity to object and then restate those findings and reasons in the sentencing entry, based on the principle that a court speaks only through its journal.

{¶ 14} The state contends that "a trial court is not required to recite any 'magic' or 'talismanic' words when imposing consecutive sentences" and it urges against establishing "a formulaic rubric" for use at the sentencing hearing and in the judgment entry in order to satisfy the requirements of R.C. 2929.14(C)(4). Thus, the state argues, the trial court in this case made sufficient findings to satisfy the statute, because it referred to Bonnell's "atrocious" criminal record and the seriousness of his offenses. It also notes that the trial court had no duty to give reasons supporting its findings, because the General Assembly repealed prior legislation that had directed courts to give reasons justifying consecutive sentences. It further asserts that to the extent Crim.R. 32(A)(4) requires the court to provide reasons when the statute does not, it conflicts with a statute on a substantive matter and the statute controls. And in any case, the state maintains, even if the trial court fails to make express findings, an appellate court can perform an effective review by examining the entire record to determine whether the imposition of consecutive sentences is clearly and convincingly contrary to law.

{¶ 15} Accordingly, the issue presented is whether the trial court must make the required findings enumerated in R.C. 2929.14(C)(4) and give reasons supporting those findings when imposing consecutive sentences on an offender.

**Law and Analysis**

**{¶ 16}** In Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, effective July 1, 1996 ("S.B. 2"), the General Assembly limited judicial discretion in imposing consecutive sentences and established a presumption in favor of concurrent sentences in former R.C. 2929.41(A), 146 Ohio Laws, Part IV, at 7502, which the trial court could overcome only by making the statutorily enumerated findings set forth in former R.C. 2919.14(E)(3), 146 Ohio Laws, Part IV, at 7469. In addition, former R.C. 2929.19(B)(2)(c) directed the sentencing court to "make a finding that gives its reasons for selecting the sentence imposed" if it imposed consecutive sentences. 146 Ohio Laws, Part IV, at 7486.

*Case Analysis*

**{¶ 17}** In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, however, we recognized that requiring trial judges in a jury trial to engage in judicial fact-finding prior to imposing consecutive sentences violated the Sixth Amendment right to trial by jury as construed by the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Thus, we severed R.C. 2929.14(E)(4) (previously R.C. 2929.14(E)(3)) and R.C. 2929.19(B)(2) from the statutes, struck the presumption in favor of concurrent sentences provided in R.C. 2929.41(A), and held that judges no longer had to make findings or give reasons for imposing consecutive sentences. *Foster* at ¶ 97, 100.

**{¶ 18}** Our earlier understanding of *Apprendi*, *Ring*, and *Blakely* regarding judicial fact-finding in imposing consecutive sentences, as announced in *Foster*, was dispelled in *Oregon v. Ice*. There, the United States Supreme Court, noting the historical practice in which "the jury played no role in the decision to impose sentences consecutively or concurrently," declined to extend the rule of *Apprendi*

and *Blakely* to state statutes requiring judicial fact-finding prior to imposition of consecutive sentences. 555 U.S. at 168, 171-172, 129 S.Ct. 711, 172 L.Ed.2d 517. *Ice* effectively overruled *Foster* in part by upholding "state legislative innovations like Oregon's [that] seek to rein in the discretion judges possessed at common law to impose consecutive sentences at will," explaining that limiting judicial discretion serves the salutary objective of promoting sentencing proportionality and consistency. *Id.* at 171.

{¶ 19} We recognized this in *State v. Hodge*, stating, "[T]he decision in *Ice* undermines some of the reasoning in the *Foster* decision that judicial fact-finding in the imposition of consecutive sentences violates the Sixth Amendment." 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 19. And we acknowledged that "[h]ad we the benefit of the United States Supreme Court's decision in *Ice* regarding Oregon's consecutive-sentencing statutes prior to our decision in *Foster,* we likely would have ruled differently as to the constitutionality, and continued vitality, of our own state's consecutive-sentencing provisions." *Id.* at ¶ 20. Nonetheless, we rejected the argument that "the consecutive-sentencing statutory provisions held unconstitutional and severed in *Foster* are automatically revived without further action by the General Assembly," *id.* at ¶ 35, holding that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made," *id.* at paragraph three of the syllabus.

*H.B. 86*

{¶ 20} The General Assembly subsequently enacted Am.Sub.H.B. No. 86 ("H.B. 86"), effective September 30, 2011, with a legislative purpose to reduce the state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison. *See* Ohio Legislative Service Commission, Fiscal

Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011), available at www.legislature.state.oh.us/fiscalnotes.cfm?ID=129_HB_86&ACT= As%20Enrolled (accessed July 18, 2014).

{¶ 21} In this enactment, the legislature expressed its intent as a direct response to our decisions in *Foster* and *Hodge*, stating in the uncodified portion of that bill:

> In amending division (E)(4) of section 2929.14 and division (A) of section 2929.41 of the Revised Code in this act, it is the intent of the General Assembly to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1. The amended language in those divisions is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), ___ Ohio St.3d ___, Slip Opinion No. 2010–Ohio–6320 and, although constitutional under *Hodge*, *supra*, that language is not enforceable until deliberately revived by the General Assembly.

H.B. 86, Section 11.

{¶ 22} The General Assembly revived R.C. 2929.14(E)(4) and renumbered it as R.C. 2929.14(C)(4), which now provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from

future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} With exceptions not relevant here, if the trial court does not make the factual findings required by R.C. 2929.14(C)(4), then "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). Thus, judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences.

*Crim.R. 32*

**{¶ 24}** Crim.R. 32(A)(4), promulgated by this court in conformity with our rulemaking authority pursuant to the Modern Courts Amendment, Ohio Constitution, Article IV, Section 5(B), also impacts the imposition of consecutive sentences. We address this rule to clarify that its directive to give reasons for judicial findings is no longer necessary when a court imposes consecutive sentences, and therefore judges have no duty to give reasons supporting findings when imposing consecutive sentences.

**{¶ 25}** Crim.R. 32(A) states, "At the time of imposing sentence, the court shall do all of the following: * * * (4) In serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate." The Staff Note to the July 1, 2004 amendment to this rule, which adopted Crim.R. 32(A)(4), states:

> Criminal Rule 32(A) was amended to conform with the Supreme Court of Ohio's decision in *State v. Comer*, 99 Ohio St. 3d 463, 2003-Ohio 4165. The *Comer* decision mandates that a trial court must make specific statutory findings and the reasons supporting those findings when a trial court, in serious offenses, imposes consecutive sentences or nonminimum sentences on a first offender *pursuant to R.C.2929.14(B), 2929.14(E)(4) and 2929.19(B)(2)*. Crim. R. 32(A) was modified to ensure there was no discrepancy in the criminal rules and the Court's holding in *Comer*.

(Emphasis added.) Thus, this court promulgated Crim.R. 32(A)(4) as a guide to trial courts in complying with the sentencing provisions set forth in R.C. Chapter 2929, and it requires only that courts state findings and give reasons as mandated

by the sentencing statutes; the rule does not create any new or additional duties for judges at the time of sentencing an offender beyond those prescribed by the General Assembly and should not be interpreted as imposing an obligation on a trial court judge that the legislature has not mandated.

{¶ 26} R.C. 2929.14(C)(4) requires the trial court to make statutory findings prior to imposing consecutive sentences, and Crim.R. 32(A)(4) therefore directs the court to state those findings at the time of imposing sentence. This accords with our prior decision in *State v. Edmonson*, 86 Ohio St.3d 324, 715 N.E.2d 131 (1999), construing the verb "find" for purposes of former R.C. 2929.14(B), Am.Sub.S.B. No. 1, 148 Ohio Laws, Part IV, 7910, 7922, and explaining that a finding in these circumstances means only that "the [trial] court must note that it engaged in the analysis" and that it "has considered the statutory criteria and specifie[d] which of the given bases warrants its decision." *Id.* at 326.

{¶ 27} Notably, however, rather than also reviving the language of former R.C. 2929.19(B)(2), which we severed in *Foster*, the General Assembly repealed that language and eliminated the substantive requirement for a court to give reasons for imposing consecutive sentences. We recognize that some statutes require a trial court to give reasons in support of its findings, *e.g.,* R.C. 2929.03(F) and 2929.19(D), but no statute directs a sentencing court to give or state reasons supporting imposition of consecutive sentences. Thus, a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentences.

{¶ 28} On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be

made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

{¶ 29} When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

{¶ 30} A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15 (where notification of postrelease control was accurately given at the sentencing hearing, an inadvertent failure to incorporate that notice into the sentence may be corrected by nunc pro tunc entry without a new sentencing hearing). But a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence. *See State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 16 ("a nunc pro tunc order cannot cure the failure of a judge to impose restitution in the first instance at sentencing").

{¶ 31} And a sentencing entry that is corrected by a nunc pro tunc entry incorporating findings stated on the record at the sentencing hearing does not

extend the time for filing an appeal from the original judgment of conviction and does not create a new final, appealable order. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 20 ("a nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken").

{¶ 32} In this case, the trial court had obviously reviewed the presentence-investigation report and knew of Bonnell's criminal record, because it described his record as atrocious and stated that he had shown very little respect for society. But the court did not completely adhere to R.C. 2929.14(C)(4).

{¶ 33} We can discern from the trial court's statement that Bonnell had "shown very little respect for society and the rules of society" that it found a need to protect the public from future crime or to punish Bonnell. We also can conclude that the court found that Bonnell's "atrocious" record related to a history of criminal conduct that demonstrated the need for consecutive sentences to protect the public from future crime. But it never addressed the proportionality of consecutive sentences to the seriousness of Bonnell's conduct and the danger he posed to the public, which in this case involved an aggregate sentence of 8 years and 5 months in prison for taking $117 in change from vending machines.

{¶ 34} Thus, the court's description of Bonnell's criminal record as atrocious and its notation of his lack of respect for society do not permit us to conclude that the trial court had made the mandated statutory findings in accordance with R.C. 2929.14(C)(4).

### Conclusion

{¶ 35} Because the General Assembly has expressed its intent to revive some of the language severed by this court in *Foster*, our decision in *Hodge* is no longer controlling and judges are required to adhere to R.C. 2929.14(C)(4) and 2929.41(A) in imposing consecutive sentences and to make the required findings.

**{¶ 36}** In this case, the record does not support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences; neither did it incorporate all of the necessary findings into its judgment entry. We cannot glean from the record that the trial court found consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Nor is it apparent which of the three additional findings set forth in R.C. 2929.14(C)(4)(a), (b), and (c) were made by the trial court.

**{¶ 37}** In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated in the sentencing entry. Accordingly, the imposition of consecutive sentences in this case is contrary to law. Thus, we are constrained to reverse the judgment of the appellate court, vacate the sentence, and remand the matter to the trial court for resentencing.

Judgment reversed,

sentence vacated,

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

KENNEDY and FRENCH, JJ., concur in part and dissent in part.

_____

**FRENCH, J., concurring in part and dissenting in part**.

**{¶ 38}** I join the majority's opinion, except in its conclusion that a sentencing court must always recite its findings at the sentencing hearing and then again in the sentencing entry. In my view, a sentencing court can satisfy R.C. 2929.14(C)(4) by making the findings in the sentencing entry, *or* at the sentencing

hearing, *or* through a combination of both, so long as the record clearly and convincingly shows that it has done so.  No statute requires the sentencing court to make the findings at the sentencing hearing and then again in its sentencing entry.  Instead, an appellate court may reverse a sentence for failure to make the R.C. 2929.14(C)(4) findings if the "record, including the findings underlying the sentence," R.C. 2953.08(G)(2), clearly and convincingly shows that the sentence was "contrary to law," R.C. 2953.08(G)(2)(b).  While a court enters judgment only through its journal entries, it can make sentencing findings elsewhere.  Since the General Assembly has given sentencing courts flexibility as to where they must "note that [they] engaged in the analysis" required by R.C. 2929.14(C)(4), *see State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999), I see no basis for inserting a sentencing-hearing or sentencing-entry requirement where the General Assembly has not.

KENNEDY, J., concurs in the foregoing opinion.

_____

Carol Hamilton O'Brien, Delaware County Prosecuting Attorney, and Eric C. Penkal, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Francisco E. Lüttecke, Assistant Public Defender, for appellant.

_____