[Cite as *State v. Moss*, 2015-Ohio-3466.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CODY R. MOSS | : | Case No. 14-CA-52 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County
Court of Common Pleas, Case No.
2013 CR 00576

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 24, 2015

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

GREGG MARX                        DAVID A. SAMS
Fairfield Prosecuting Attorney        Box 40
West Jefferson, OH 43162

By: ANDREA GREEN
Assistant Prosecuting Attorney
239 W. Main Street, Suite 101
Lancaster, OH 43130

*Baldwin, J.*

{¶1}   Appellant Cody R. Moss appeals a judgment of the Fairfield County Common Pleas Court convicting him of two counts of robbery (R.C. 2911.02(A)(2)) and sentencing him to five years incarceration on each count, to be served consecutively. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}   At 8:00 p.m. on January 9, 2013, appellant entered a Circle K store in Lancaster, Ohio.  Appellant's face was covered by his clothing so that the clerk could only see his eyes.  Appellant approached the clerk and moved his coat aside to display what she believed to be a black hand gun.  He asked the clerk for all the money in the register.  She gave the money to appellant, and he fled on foot, discarding his jacket. The clerk called 911 and explained that she had been robbed at gunpoint.  She called the store manager and locked the doors to the store.  The manager arrived to find the clerk crying and upset, and it took nearly thirty minutes for her to calm down enough to explain what had happened.

{¶3}   On January 11, 2013, appellant went into the Fairfield National Bank in Lancaster several times over the course of the afternoon.  On his final visit to the bank, appellant, who was wearing dark-colored face paint, wrote a note on a checking deposit slip stating that he had a gun, and instructing the teller to empty her register.  He handed the note to a teller, who gave appellant the money.  Appellant fled on foot, discarding his jacket and a winter hat.

{¶4}   Police were able to match the discarded clothing to the clothing appellant was wearing on surveillance videos from the Circle K and the bank.  Further, forensic

scientists concluded that appellant's DNA was a match to the clothing found at both scenes. Appellant's roommate saw appellant putting on face paint on the day of the bank robbery, and appellant admitted to his roommate that he robbed a bank and a Circle K.

{¶5} Appellant was indicted by the Fairfield County Grand Jury with two counts of robbery in violation of R.C. 2911.02(A)(2). The case proceeded to trial in the Fairfield County Common Pleas Court. Appellant was convicted as charged. The court sentenced appellant to five years incarceration on each count, to be served consecutively. Appellant assigns a single error to his sentence:

{¶6} "THE TRIAL COURT ERRED WHEN IMPOSING CONSECUTIVE PRISON TERMS."

{¶7} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 23. R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender
> for convictions of multiple offenses, the court may require
> the offender to serve the prison terms consecutively if the
> court finds that the consecutive service is necessary to
> protect the public from future crime or to punish the offender
> and that consecutive sentences are not disproportionate to
> the seriousness of the offender's conduct and to the danger

the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} In *Bonnell, supra*, at syllabus, the Supreme Court of Ohio held that in order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. "[A]s long as the reviewing court

can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶9}   In the instant case, the court stated in the sentencing entry that consecutive sentences were necessary pursuant to R.C. 2929.14(C)(4)(a) and (b).  At the sentencing hearing, the court discussed the statutory requirements for consecutive sentencing and the findings required by *Bonnell, supra.*   Sent. Tr. 19-20. The court made the following statement on the record in support of its decision to sentence appellant consecutively:

> With regard to the concurrent/consecutive sentencing issue, the court finds that consecutive sentences are necessary to protect the public from future crime and to punish you and that consecutive sentences are not disproportionate to the seriousness of your conduct and to the danger that you pose to the public.
>
> And if the Court - The Court also finds that these two offenses were committed as part of several courses of conduct.  They occurred on two separate days, two separate locations, two separate victims or sets of victims and that the harm caused by these two offenses was so great or unusual that no single prison term for the offenses - for any of the offenses committed as part of the course of conduct - adequately reflects the seriousness of your conduct.

In this case both of the victims were put in great fear by having even the threat of the firearm being used and Ms. Saunders, the Circle K clerk, the Court noticed during the trial that she was still visibly shaken not just being nervous about being in court, but she was upset about what had happened a year and a half earlier and there was still fear on her part.

The clerk from the Fairfield National Bank was also placed in fear and simply complied with the request because out of fear of what could happen.

And since we have the two separate victims, the two separate harms that were caused, the Court believes that consecutive sentences are necessary to adequately reflect the seriousness of your conduct and all of the other - meets all of the requirements of Ohio Revised Code Section 2929.14.

And it also appears that although it was a misdemeanor offense - a misdemeanor traffic offense, that you were on community control at the time through municipal court at the time [sic] of these offenses.

And your attorney mentioned you had not had a prior felony record. That's accurate, but you have had starting in

2011, a series of misdemeanor offenses, both criminal and

traffic offenses." Sent. Tr. 21-22.

{¶10} The trial court made all of the required findings to impose consecutive sentences. Appellant argues that the harm caused to the victims was no more than normally found in a robbery case and thus did not rise to the level of "great or unusual" harm as required by the statute. The court specifically noticed that the Circle K clerk was at the time of trial still visibly shaken and in fear because of the incident, beyond what was normal while testifying in court. The prosecutor represented to the court at the sentencing hearing that Ms. Saunders has changed shifts to avoid working at the time of day when the offense occurred. The court indicated that it reviewed a letter from the Vice President of the bank regarding the impact the crime had on the safety and security of the bank employees. The court considered appellant's argument concerning his lack of criminal history, but also noted that he was on community control at the time of the offenses and that his record reflected a series of misdemeanor offenses beginning in 2011. The court's findings regarding consecutive sentencing were supported by the record.

{¶11} The assignment of error is overruled.  The judgment of the Fairfield County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.