[Cite as *State v. Williams*, 2016-Ohio-3456.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103363 and 103369**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ISHREAL D. WILLIAMS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-592003-A and CR-14-591913-A

**BEFORE:** Stewart, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 16, 2016

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street, Suite 303
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Brian D. Kraft
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Ishreal Williams challenges his 23-year sentence for aggravated robbery, felonious assault, and receiving stolen property. Specifically, he argues that the sentence was so excessive that it effectively amounted to cruel and unusual punishment, and that the record does not support the order of consecutive sentences. For the reasons that follow, we affirm.

{¶2} Williams was indicted in two separate cases, collectively with one count of attempted murder, four counts of aggravated robbery, and two counts of felonious assault, all with one- and three-year firearm specifications, and one count of receiving stolen property. The charges arose from a robbery-shooting, whereby Williams approached a broken down vehicle to rob passengers who were fixing a flat tire and shot one of the victims. The receiving stolen property charge derived from the unrelated theft of a motor vehicle.

{¶3} In exchange for the dismissal of the remaining charges, Williams agreed to plead guilty to one count of aggravated robbery and one count of felonious assault, both with three-year firearm specifications, and receiving stolen property. In addition to six years on the firearm specifications, the court sentenced Williams to ten years on the aggravated robbery, seven years on the felonious assault, and 17 months on the receiving stolen property charge. The court ordered Williams to serve the prison sentence on the

felonious assault consecutive to the sentence on the aggravated robbery, for a total 23-year sentence.

{¶4} In the first assignment of error, Williams contends that the aggregate sentence violates the Eighth Amendment protection against cruel and unusual punishment. To support his argument, Williams states that "all parties agreed that [a] 10 year sentence was just"; therefore, it was cruel and unusual to impose a sentence more than twice as long.

{¶5} Williams faced a minimum 9 year to a maximum 26.5-year prison term. The state and Williams never entered into an agreed-upon sentence. Williams's reference to the 10-year sentence comes from the victims' statements to the trial court. One victim acknowledged that if Williams got "something over the minimum, which would be 10 years, that [he would be satisfied]," and another victim stated "I think he needs to spend at least ten years, which is a year over the minimum," in prison. These statements do not reflect any agreed-upon sentence, rather they only show that the victims asked the court to order at least more than the minimum sentence required.

{¶6} Moreover, as the Ohio Supreme Court has determined, a sentence does not violate the Eighth Amendment's prohibition against cruel and unusual punishment if the trial court sentences the defendant on each charge within the applicable statutory range for the degree of felony charged. *See State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21 (stating, "'[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual

punishment,'" quoting *McDougal v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964)). Here, the court sentenced Williams within the applicable statutory range on each felony charged; therefore, we overrule the assigned error.

{¶7} In his second assignment of error, Williams maintains that the trial court erred by imposing consecutive sentences. Williams does not argue that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) for imposing consecutive sentences, rather he argues that the record fails to support the findings.

{¶8} To impose consecutive sentences, a court must make certain findings pursuant to R.C. 2929.14(C)(4) on the record at sentencing and then incorporate those findings in the journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. R.C. 2929.14(C)(4) requires the court to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the three findings set forth in R.C. 2929.14(C)(4)(a)-(c) applies. These are:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. An appellate court may increase, reduce, or modify a sentence on appeal if it clearly and convincingly finds that the record does not support the sentencing court's R.C. 2929.14(C)(4) findings.

An appellate court may increase, reduce, or otherwise modify an order of consecutive sentences if it finds that the record clearly and convincingly does not support findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a).

{¶9} The court found that consecutive sentences were necessary to punish the offender, made the requisite proportionality findings, and also found that consecutive sentences were necessary to protect the public from future crime by the offender. Williams asserts that the record does not support the findings because he took responsibility by pleading to the charges, thus sparing the victims a long drawn-out trial, and apologized to the victims during his allocution at sentencing. He also argues that "any other reasons for consecutive sentences provided by the trial court during sentencing are covered in the charges themselves and do not overcome the presumption of concurrent sentences." We do not agree. Williams used a gun to attack three victims who were stranded on the side of the road. He robbed the victims and shot one of them in the stomach. The fact that the gunshot victim survived the assault does not limit the seriousness of Williams's conduct and the threat he poses to the public. Therefore, we cannot find that the record clearly and convincingly does not support the order of consecutive sentences.

{¶10} Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR