[Cite as *State v. Hudson*, 2016-Ohio-3449.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103154**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STEAFON M. HUDSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-589808-C

**BEFORE:** Stewart, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 16, 2016

**ATTORNEY FOR APPELLANT**

Matthew M. Nee
Nee & Bittinger, L.L.C.
24629 Detroit Road
Westlake, OH 44145


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Joan M. Bascone
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

**{¶1}** In Cuyahoga C.P. No. CR-14-598808-C, the court found defendant-appellant Steafon Hudson guilty of felonious assault and theft. The court ordered Hudson to serve concurrent prison terms of two years on the felonious assault count and six months on the theft count. Those terms were ordered to be served consecutive to a term of 18 months in Cuyahoga C.P. No. CR-14-587443-A (receiving stolen property with a one-year firearm specification). The sole issue on appeal is whether the court made the findings required to order Hudson to serve consecutive sentences.

**{¶2}** R.C. 2929.14(C)(4) allows the court to order consecutive service of prisons sentences, but only if the court makes certain findings: that consecutive service is necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and, as applicable here, that the offender was under postrelease control for a prior offense. These findings must not only be stated in open court, but made a part of the court's sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

**{¶3}** The court did not make any of the findings required by R.C. 2929.14(C)(4). When ordering consecutive service of prison terms, the court stated:

> I'm going to sentence Mr. Hudson, in 587443, on the one-year firearm specification, I'm going to impose that one-year sentence to be served prior to and consecutive with the term of incarceration of six months on the receiving stolen property. In 589808, I'm going to sentence * * * Mr.

Hudson, on the felonious assault to a term of incarceration of two years, and on the theft six months concurrent time in that docket, but consecutive to 587443. I will order the sentence into execution.

{¶4} The state does not argue that the court actually made the required findings, but claims that the record supports the statutory findings had they been made. This is a specious argument, particularly given the state's acknowledgment that *Bonnell* holds that "[i]f a trial court fails to make [the R.C. 2929.14(C)(4)] findings, it renders the sentences imposed consecutively to be contrary to law." Appellee's brief at 3.

{¶5} In addition, the state's argument that other people made the findings is mystifying. It is one thing to say that the court does not have to make the findings word-for-word with R.C. 2929.14(C)(4), but quite another to say that others, for example the defendant, who admitted to using "bad judgment" at the time he committed his offenses, constituted a finding by the court. Nor can we give credit to the state's argument that the presentence investigation report supports consecutive service had the court actually made the first and second findings. Again, if the findings were not made, it does not matter that the record would support the findings had they been made.

{¶6} We question why the state makes borderline frivolous arguments in this appeal, rather than concede the error, and risk diminishing its reputation by defending the consecutive sentences imposed in this case. The assignment of error is sustained.

{¶7} Judgment reversed and remanded. This cause is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN JUDGMENT ONLY