[Cite as *State v. Wilson*, 2023-Ohio-1890.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                             No. 111912

    v. :

ELLIS JAMES WILSON, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 8, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-655433-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Valore & Gordillo LLP and Matthew O. Williams, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Ellis James Wilson ("appellant") appeals the judgment of the Cuyahoga County Court of Common Pleas imposing consecutive sentences on his convictions for murder and having a weapon while under disability. After a

thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} The victim in this matter, Breyana Presley ("Breyana"), was shot and killed by appellant while she was driving with two of her daughters in the vehicle. The children were 12 years old and eight months old.

{¶ 3} Appellant and Breyana had known each other for a number of years and had been in and out of each other's lives. On the day in question, Breyana had driven her daughters to the home of a member of appellant's family. Appellant, who was intoxicated, was there and got in Breyana's vehicle. Breyana informed him that she had a firearm in the vehicle.

{¶ 4} While Breyana was driving, appellant took the firearm and pointed it at her. He shot Breyana three times as she was driving 60 m.p.h. down the freeway. The car veered off the freeway, and the 12-year-old grabbed the eight-month-old and jumped out of the vehicle. Appellant fled, going down a ravine, and leaving the firearm as he ran. The firearm was later recovered by police.

{¶ 5} Appellant was charged with aggravated murder, murder, felonious assault, improperly handling firearms in a motor vehicle, and having a weapon while under disability, along with one- and three-year firearm specifications.

{¶ 6} Appellant pled guilty to one count of murder, in violation of R.C. 2903.02(B), along with a three-year firearm specification, and one count of having

a weapon while under disability, in violation of R.C. 2923.12(A)(3). The remaining counts were nolled.

{¶ 7} The court proceeded immediately to sentencing. In imposing sentence, the court stated as follows:

> The Court has considered all this information, all the principles and purposes of felony sentencing, and all the appropriate recidivism and seriousness factors.
>
> This case is a tragedy, like all deaths I see in my court [sic] courtroom are tragedies. Once again, a direct result of drug and alcohol use.
>
> I see the prior criminal history of this defendant with multiple cycles for drug cases. Multiple chances on probation for those drug cases. Multiple chances for you to get sober. Multiple violations of your probation. And prison sentences.
>
> So all those opportunities to avoid this were squandered by you. And that disease of addiction and alcoholism can't be blamed for what you did. That's what you did, whatever state of mind you were in.
>
> It will have a lasting effect on you, your family, but most importantly, the victim's family. Breyana's family. Breyana's family will have to live with this in a different way [than] you'll have to live with this.
>
> * * *
>
> This case is especially troubling due to two young people being there in harm's way. When you shoot someone driving a car, you put their lives at risk as well. An eight-month-old child. It's just hard to fathom. The heroic efforts of a 12-year-old after witnessing her mother gunned down. It's heart breaking and I feel their heartbreak.
>
> So I'm going to impose the following sentence. I'm going to find that consecutive [sentences] are appropriate in this case. It's necessary to protect our society and to punish you. You've squandered all your chances in the past. It's not disproportionate for what you did. I can't think of a worse violation of having a weapon under disability, when you take the life of someone with children as witnesses.

The harm is so great or unusual, a single term does not adequately reflect the seriousness, and the criminal history shows that consecutive terms are needed to protect the public as I said throughout this colloquy.

{¶ 8} Appellant was sentenced to life in prison on the murder charge with the possibility of parole after 15 years, and three years on the firearm specification, to run consecutive to the sentence for the murder charge. Appellant was further sentenced to 36 months for the having-a-weapon-while-under-disability charge. The court imposed this sentence consecutively to the murder and firearm specification sentences, for a total sentence of life with the possibility of parole after 21 years.

{¶ 9} Appellant then filed the instant appeal, raising one assignment of error for our review:

The trial court erred to appellant's prejudice in imposing consecutive sentences, which were not supported by the record.

## II. Law and Analysis

{¶ 10} In his sole assignment of error, appellant argues that the trial court's proportionality finding was flawed. Appellant argues that the court's emphasis on appellant taking the victim's life while the children were in the vehicle related to the murder charge, not the having-a-weapon-while-under-disability charge, and thus the weapons charge should not have been imposed consecutively. With regard to the weapons charge, he contends that he did not bring the gun into the situation and simply acquired it while he was intoxicated during the altercation that led to the shooting.

{¶ 11} "In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4)." *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. Trial courts must therefore engage in the three-tier analysis of R.C. 2929.14(C)(4) before imposing consecutive sentences. *Id.* First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Third, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 12} R.C. 2953.08(G)(2) states that when reviewing felony sentences, an "appellate court's standard for review is not whether the sentencing court abused its discretion." As the Supreme Court of Ohio has explained, when reviewing

consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under'" R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28, quoting R.C. 2953.08(G)(2)(a).

{¶ 13} Appellant argues that the trial court erred in its proportionality finding and takes issue with the court's statement that it could not "think of a worse violation of having a weapon while under disability, when you take the life of someone with children as witnesses." He asserts that the circumstances that occurred in this incident were not the "worst version" of the offense.

{¶ 14} However, the trial court was not required to determine that appellant's conduct constituted the "worst version" of the offense in order to satisfy the proportionality finding. As noted above, there are two findings for the "not disproportionate" provision, and the court must find both that the consecutive sentence is not disproportionate to (1) the seriousness of the offender's conduct; and (2) the danger the offender poses to the public. The record herein supports both findings.

{¶ 15} It is difficult to conceive of more serious or dangerous conduct than what occurred in this case. Appellant shot a mother three times, in front of two of her children, while simultaneously placing the children's lives in danger, as passengers of the vehicle, along with anyone else who happened to be driving down

the highway at that time. The elder child had to grab her baby sister to escape a moving vehicle while appellant fled. The fact that the gun belonged to the victim and was only grabbed by the appellant during the altercation does nothing to reduce the seriousness of the conduct or the danger posed by appellant. Appellant demonstrated a complete disregard for all human life.

{¶ 16} Based upon our thorough review of the record, we clearly and convincingly find that the record supports the trial court's finding that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public.

{¶ 17} Appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR