[Cite as *State v. Terry*, 2025-Ohio-4781.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Appellee, | : | CASE NO. CA2025-05-007 | |
| vs. | : | <u>OPINION AND</u><br><u>JUDGMENT ENTRY</u><br>10/20/2025 | |
| CHAD E. TERRY, | : | | |
| Appellant. | : | | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20240222

Jess C. Weade, for appellee.

Steven H. Eckstein, for appellant.

_____

# **O P I N I O N**

**SIEBERT, J.**

{¶ 1}   Chad E. Terry appeals the consecutive sentences imposed upon him by the Fayette County Court of Common Pleas. In his single assignment of error, Terry asserts the trial court failed to make all necessary findings required by law before imposing consecutive sentences. We disagree with Terry as it relates to the sentencing hearing but agree as it relates to the sentencing entry. We affirm in part, vacate the sentencing entry,

and remand to the sentencing court with instructions to enter a nunc pro tunc sentencing entry consistent with the original sentencing hearing and this opinion.

**Background**

{¶ 2}   Terry pled guilty to three counts of aggravated arson, felonies in the second degree. He agreed to the State's factual stipulation that he set a mobile home on fire, causing a total loss to it. The fire damaged another neighboring mobile home and approached a third, occupied home before being contained.

{¶ 3}   At sentencing, the trial court acknowledged the purpose of felony sentences – to protect the public from future crimes while also punishing and effectively rehabilitating a defendant using "minimum sanctions" that stress government resources the least. R.C. 2929.11(A). Despite Terry's request for concurrent sentences and the trial court's acknowledgment of the presumption in favor of concurrent terms, the court imposed consecutive sentences.

{¶ 4}   The trial court found (1) Terry's "criminal history shows that consecutive terms are needed to protect the public"; (2) that "about every ten years [Terry] seem[s] to commit a pretty serious offense"; (3) that "the sentence is commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim is consistent with sentences for similar crimes with similar offenders"; (4) "two or more of the offenses [were] committed as a single course of conduct and the harm is so great or unusual and the potential for harm that a single term does not adequately reflect the seriousness of the conduct"; and (5) that Terry had not responded favorably to past sanctions nor had he shown genuine remorse.

{¶ 5}   The trial court ultimately imposed a mandatory term of 18-21 years, and its subsequent sentencing entry stated "consecutive sentences are necessary and not

disproportionate because a single term does not adequately reflect the seriousness of the conduct and the defendant's criminal history shows that consecutive terms are needed to protect the public and punish the offender."

{¶ 6}   Terry now appeals.

**First Assignment of Error – Required Consecutive Sentences Findings**

*Standard of Review and Applicable Law:*

{¶ 7}   When evaluating consecutive sentences, Ohio appellate courts must review the record and determine if the record "clearly and convincingly" supports the trial court's findings. *State v. Bonnell*, 2014-Ohio-3177, ¶ 28; R.C. 2953.08(G)(2)(a). If the record does not support the trial court's findings, the appellate court must modify or vacate the sentence. *Id.*

{¶ 8}   Ohio law creates a presumption in favor of concurrent sentences. *Id.* at ¶ 4. However, if the trial court "finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. . ." that presumption may be overcome. R.C. 2929.14(C)(4) (the "Statute"). In addition to these findings, the Statute also requires the trial court to find, as relevant here, that

> At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> [or]
>
> The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

- 3 -

*Id.* at (C)(4)(b),(c) (the "Alternative Findings").

{¶ 9}   Ohio law requires the trial court to state these findings at the sentencing hearing to "afford[] notice to the offender and to defense counsel" as to why consecutive sentences were imposed. *Bonnell* at ¶ 29, citing Crim.R. 32(A)(4). While "a word-for-word recitation of the language of the statute is not required . . . the reviewing court [should be able to] discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings" in favor of consecutive sentences. *Id.* Moreover, the court "should also incorporate its statutory findings into the sentencing entry." *Id.*

*Analysis*

{¶ 10}  In his sole assignment of error, Terry argues the trial court failed to make all mandatory findings before imposing consecutive sentences. Specifically, he asserts the court "omitted" part of the language necessary to find Terry's consecutive sentences were not disproportionate to the "danger" he posed to the public. As a result, Terry claims his sentence is contrary to law and must be vacated.

{¶ 11}  This court will break down the language in the Statute to analyze how the trial court made, or failed to make, the requisite findings through statements at the sentencing hearing and in its sentencing entry.

*Did the trial court make the required Necessity Consideration?*

{¶ 12}  First, the Statute contains a "Necessity Consideration," which requires the record to support the trial court finding at the sentencing hearing and in the sentencing entry that "consecutive service is necessary to protect the public from future crime *or* to punish the offender." (Emphasis added.)[1] The trial court satisfied the Necessity

---

1. The use of "or" in this phrase is disjunctive, meaning the trial court can satisfy this requirement by making

Consideration at the sentencing hearing when it stated, "Terry's] criminal history shows that consecutive terms are needed to protect the public[,]" noting he "seems to commit" a serious crime approximately every ten years.

*Did the trial court make the required Proportionality Consideration?*

{¶ 13} Second, the Statute contains a "Proportionality Consideration," which requires the record to support a finding at the sentencing hearing and in the sentencing entry "that consecutive sentences are not disproportionate to [a.] the seriousness of the offender's conduct *and* [b.] to the danger the offender poses to the public."[2] (Emphasis added.). Therefore, the trial court must, in part, base its findings on the *proportionality* of consecutive sentences as they relate to the danger the offender poses to the public. Put simply, the trial court's statements related to its Necessity Consideration *alone* cannot also satisfy the Proportionality Consideration. But when reviewing whether a trial court complied with the Statute, this court may combine various statements made throughout to add context and to determine if the court complied with both the Necessity and Proportionality Considerations in full.

{¶ 14} At the sentencing hearing, the trial court stated "[t]his sentence is commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and is consistent with sentences for similar crimes with similar offenders." Terry argues this statement satisfied the Proportionality Consideration as it related to the seriousness of his conduct but not as to the danger he posed to the public. Not so.

---

either the finding regarding protection or punishment. The emphasis in this portion of the Statute is the consideration of the *necessity* of consecutive sentences to protect or punish.

2. The use of "and" in this phrase is conjunctive, meaning the trial court must find that consecutive sentences are not disproportionate to the seriousness of the conduct *and* not disproportionate to the danger posed to the public.

{¶ 15} The terms "commensurate with and not demeaning to" and "consistent with" are closely related to proportionality in this context, as both phrases indicate a general comparison of appropriateness and coherence. When the trial court used the phrase "consistent with sentences for similar crimes," it was comparing whether Terry's sentence was appropriate and sensible when compared to those imposed for other "serious crimes." When it used "consistent with sentences . . . with similar offenders," it was comparing whether Terry's sentence was appropriate and coherent when compared to those imposed on those who had a strong likelihood of recidivism, who showed a lack of genuine remorse, and who the public needed protection from.

{¶ 16} Terry asserts the trial court's failure to use the word "danger" or the phrase "danger to the public" shows it failed to satisfy the Proportionality Consideration as it relates to the danger Terry posed to the public. Terry's argument flouts *Bonnell's* admonition that a word-for-word recitation of the Statute's language is not necessary; the public does not need protection from benign actors—it needs protection from dangerous ones. We conclude the trial court satisfied the second prong of the Proportionality Consideration when it measured whether it was "consistent with sentences for similar crimes with similar offenders," including those the public needed protection from.

*Did the trial court make one of the required Alternative Findings?*

{¶ 17} Third, the Statute requires the trial court make one of the Alternative Findings. During the sentencing hearing, the trial court found "two or more of the offenses [were] committed as a single course of conduct and the harm is so great or unusual and the potential for harm that a single term does not adequately reflect the seriousness of the conduct." This statement closely mirrors—thus satisfying—the language of one of the Alternate Findings in the Statute. *See* R.C. 2929.14(C)(4)(b).

{¶ 18} We conclude the trial court's made the required Necessity Consideration, Proportionality Consideration, and one of the Alternative Findings at the hearing and afforded Terry notice of why consecutive sentences were imposed.

*Did the trial court incorporate its statutory findings into the sentencing entry?*

{¶ 19} The trial court's subsequent sentencing entry did not satisfy its requirements under the Statute. On the issue of consecutive sentences, the court's entry stated in its entirety "consecutive sentences are necessary and not disproportionate because a single term does not adequately reflect the seriousness of the conduct and the defendant's criminal history shows that consecutive terms are needed to protect the public and punish the offender."

{¶ 20} While this statement incorporates much of the language of the Statute, it conflates the Necessity Consideration, the Proportionality Consideration, and the Alternative Findings and leaves us unable to discern whether they were each made. The sentencing entry does not reflect whether the trial court satisfied the Proportionality Consideration as it relates to the danger Terry posed to the public. In addition, while the sentencing entry states Terry's "criminal history shows that consecutive terms are needed to protect the public"—satisfying one of the Alternate Findings—this is different from the Alternate Finding made at the hearing. *Compare* R.C. 2929.14(C)(4)(b) and (c). The sentencing hearing and the sentencing entry should each reflect consistent findings.

{¶ 21} Therefore, we conclude the trial court's sentencing entry did not satisfy the Statute's requirements and failed to put Terry on notice on why he was sentenced to consecutive sentences.

{¶ 22} Terry's assignment of error is overruled as it relates to the sentencing hearing but sustained as it relates to the sentencing entry.

{¶ 23} Although the trial court did not properly record the reasons it imposed consecutive sentences on Terry in its sentencing entry, that does not mean that he is entitled to concurrent sentences. Consistent with the Statute and Ohio law, we vacate the sentencing entry and remand to the sentencing court with instructions to enter a nunc pro tunc sentencing entry consistent with the original sentencing hearing and this opinion. S*ee Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶ 24} Judgment affirmed in part, reversed in part, and remanded.

PIPER, P.J., and M. POWELL, J., concur.

---

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed in part, reversed in part, and remanded to the Fayette County Court of Common Pleas for the limited purpose of issuing a nunc pro tunc sentencing entry, consistent with this Opinion. In all other respects, the judgments of the trial court are affirmed.

It is further ordered that a mandate be sent to the Fayette County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed to appellant.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge