[Cite as *State v. Hogan*, 2015-Ohio-3682.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 15AP-570 |
| | | (C.P.C. No. 14CR-1142) |
| Joseph Hogan, | : | |
| Defendant-Appellant. | : | (ACCELERATED CALENDAR) |

D E C I S I O N

Rendered on September 10, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Wolfe Van Wey & Associates, LLC,* and *Stephen T. Wolfe*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Joseph Hogan is appealing from the consecutive sentences he received as a result of his convictions for kidnapping and gross sexual imposition. His assignment of error reads:

> THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES.

{¶ 2} Specifically, counsel for Hogan argues that the trial court judge failed to comply with R.C. 2929.14(C)(4), which reads:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that

consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 3} Counsel argues that Hogan had no significant criminal record and did not commit the crimes while awaiting trial or sentencing. The State of Ohio does not contest the facts as to the awaiting trial or sentencing issues, but does attack Hogan's prior record.

{¶ 4} The State of Ohio also argues that consecutive sentences were appropriate because it was necessary to protect the public from future crime and to punish Hogan. And the State asserts that the sentences were not disproportionate to the seriousness of Hogan's conduct and to the damages Hogan poses to the public.

{¶ 5} The trial court judge imposed sentences totaling seven years. The judge was extremely upset that the victim of Hogan's sexual actively was an eight-year-old child. The judge was also upset by the judge's perception that Hogan was lying to shift blame onto the eight year old.

{¶ 6} The pre-sentence investigation ("PSI") conducted before the sentencing indicated that Hogan had also abused a five year old and had sexually abused a former wife. In short, the PSI indicated that Hogan engaged in a pattern of sexual misconduct sometimes with children as victims.

{¶ 7} The trial court judge was fully justified in imposing the sentences she imposed. The only error in the trial court was failing to include in the sentencing judgment entry all the findings made in open court at the time of sentencing. Thus, the trial court judge did not fully comply with the recent case of *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

{¶ 8} We, therefore, overrule the actual assignment of error, but vacate the sentencing entry and return the case to the trial court for a nunc pro tunc entry which complies with the *Bonnell* case.

*Judgment affirmed; case returned with instructions.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____