[Cite as *State v. Frierson*, 2017-Ohio-4178.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104671**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHINA FRIERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-591239-C and CR-16-603587

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 8, 2017

**FOR APPELLANT**

China Frierson, pro se
Inmate No. 681-713
Lake Erie Correctional Institution
P.O. Box 8000
501 Thompson Road
Conneaut, OH 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Christine M. Vacha
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶1} In this pro se appeal, defendant-appellant China Frierson maintains that the court found him guilty without actually accepting his guilty plea.

{¶2} Frierson pleaded guilty to assorted drug trafficking counts. At sentencing, he had second thoughts and told the court that if he had known that one of his codefendants was also going to plead guilty, he "never wouldn't [sic] have pled out to them" because the drugs at issue did not belong to him. Tr. 19. The court then stated, "[s]o are you telling me you want to withdraw your plea here today?" Frierson replied in the affirmative. After some discussion about the nature of the offenses to which Frierson pleaded guilty, including the state's agreement to nolle firearm specifications attached to the drug charges, the court told Frierson that "[w]e'll withdraw your plea and you'll go to trial tomorrow, firearm spec and everything. No further plea deals on this case." At that point, Frierson asked for time to consult with defense counsel. The court recessed, and when it reconvened, defense counsel told the court that Frierson "has decided not to vacate his plea and will take the — and will be sentenced today." Tr. 23.

{¶3} Frierson does not dispute that he abandoned his motion to withdraw his guilty plea, but maintains that the court had to renew the Crim.R. 11 plea advisement after he changed his mind. There is no merit to this argument. Because the court speaks only through its journal, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, it could only vacate the guilty plea by journal entry. The court did not issue a journal entry granting the motion to withdraw the guilty plea, so the guilty plea remained extant. The court did not have to conduct a new plea colloquy.

{¶4} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR