[Cite as *State v. Phelps*, 2017-Ohio-7550.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patrica A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSHUA W. PHELPS | : | Case No. 17 CAA 03 0014 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County
                             Court of Common Pleas, Case No.
                             13 CR I 11 0561



JUDGMENT:                    Reversed and Remanded for
                             Resentencing



DATE OF JUDGMENT:            September 7, 2017



APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

CAROL HAMILTON O'BRIEN                      CHRISTOPHER J. BURCHINAL
Prosecuting Attorney                        40 North Sandusky Street, Suite 202
                                            Delaware, Ohio 43015
By: MARK C. SLEEPER
Assistant Prosecuting Attorney
140 North Sandusky Street
Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}** Appellant Joshua W. Phelps appeals the judgment of the Delaware County Common Pleas Court revoking his community control and sentencing him to twelve months in prison, to be served consecutively to a sentence appellant was serving from Union County.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 27, 2013, appellant was indicted by the Delaware County Grand Jury with one count of violation of a protection order in violation of R.C. 2919.27(A)(2). He entered a plea of guilty and was sentenced to five years community control.

**{¶3}** A motion to suspend community control was filed on January 5, 2017, based on a new conviction for menacing by stalking in Union County, for which appellant was sentenced to eighteen months incarceration. Appellant admitted the community control violation in Delaware County. His community control was revoked and he was sentenced to twelve months incarceration, to be served consecutively to the Union County sentence.

**{¶4}** The trial court's judgment of sentence was filed on January 30, 2017. Although the form entry included boxes to check to make specific findings to support the imposition of consecutive sentences, the court failed to make the requisite findings. In a nunc pro tunc entry filed March 7, 2017, the court again failed to check the boxes to make specific findings to support the imposition of consecutive sentences.

**{¶5}** Appellant assigns a single error:

**{¶6}** "THE TRIAL COURT ERRED WHEN IT FAILED TO EXPRESSLY MAKE THE FINDINGS REQUIRED BY O.R.C. §2929.14(C)(4) IN ITS SENTENCING ENTRY."

{¶7} In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus (2014).

{¶8} The State concurs with appellant that the trial court erred in the instant case in failing to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. However, the parties disagree about the remedy for the court's error. Appellant asks this court to order the sentences to run concurrently, while the State argues a remand for resentencing is the appropriate remedy.

{¶9} In *Bonnell, supra,* the Ohio Supreme Court found the trial court erred in failing to state its reasons for imposing consecutive sentences pursuant to R.C. 2929.14(C)(4), and remanded to the court for resentencing. 140 Ohio St. 3d at ¶37. Accordingly, we reject appellant's argument that we must impose concurrent sentences in the instant case.

{¶10} The assignment of error is sustained. The judgment of the Delaware County Common Pleas Court is reversed, and this case is remanded to that court for resentencing. Costs are assessed to appellee.

By: Baldwin, J.

Delaney, P.J. and

John Wise, J. concur.