[Cite as *State v. Johnson*, 2018-Ohio-2053.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106079**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**PRECIOUS M. JOHNSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613183-C

**BEFORE:** E.A. Gallagher, A.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 24, 2018

**ATTORNEY FOR APPELLANT**

Kimberly Bolton
11459 Mayfield Road
Cleveland, Ohio 44106


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Shannon M. Musson
    Gregory Ochocki
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Precious Johnson appeals from the imposition of consecutive sentences in the Cuyahoga County Court of Common Pleas. We affirm the judgment of the trial court.

### Facts and Procedural Background

{¶2} On May 15, 2017, Johnson entered guilty pleas in three separate cases. In CR-17-613183-C, Johnson plead guilty to two counts of breaking and entering, aggravated theft, vandalism and attempted failure to comply. In CR-17-613766-B, Johnson plead guilty to two counts of breaking and entering, aggravated theft and vandalism. In CR-17-614714-A, Johnson plead guilty to aggravated theft.

{¶3} At sentencing the trial court imposed twelve-month prison terms on each of the above counts. In CR-17-613183-C, the trial court ordered one of the breaking and entering

counts to be served concurrently to the aggravated theft, vandalism and attempted failure to comply counts but ordered those four counts to be served consecutively to the second count of breaking and entering for a cumulative sentence of 24 months. In CR-17-613766-B the trial court ordered one of the breaking and entering counts to be served concurrently to the aggravated theft and vandalism counts but ordered those three counts to be served consecutively to the second count of breaking and entering for a cumulative sentence of 24 months. Johnson was sentenced to 12 months on the sole count of aggravated theft in CR-17-614714-A. The trial court ordered the cumulative sentences in each of the three cases to be served consecutively for an aggregate prison term of 60 months.

**Law and Analysis**

**I. Consecutive Sentences**

**{¶4}** In her sole assignment of error, Johnson argues that the trial court failed to make the findings required for the imposition of consecutive sentences under R.C. 2929.14(C)(4).

**{¶5}** Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and that at least one of the following also applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶6} The court must make the statutory findings as stated above at the sentencing hearing and incorporate those findings into its sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. Although the trial court is not required to use "talismanic words," it must be clear from the record that it actually made the findings required by statute. *Id*. at ¶ 37.

{¶7} In this instance, the trial court found that consecutive sentences were necessary to protect the public from future crime and that consecutive sentences were not disproportionate to the seriousness of Johnson's conduct or the danger Johnson posed to the public. The trial court further found that Johnson's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime. Finally, the trial court found that Johnson's conduct was part of a course of conduct and the financial harm Johnson caused by her multiple offenses was so great or unusual that no single prison term for any of the offenses committed would adequately reflect the seriousness of her conduct.

{¶8} We find no merit to Johnson's contention that the trial court failed to make the required findings under R.C. 2929.14(C)(4).

{¶9} Johnson's sole assignment of error is overruled.

{¶10} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA A. BLACKMON, J., CONCUR