**[Cite as *State v. Stull*, 2020-Ohio-6654.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. S-20-010 |
| Appellee | Trial Court No. 18 CR 1159 |
| v. | |
| Robert A. Stull | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 11, 2020 |

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Robert A. Stull, appeals the August 7, 2019 judgment of the

Sandusky County Court of Common Pleas imposing consecutive sentences. Because the

trial court failed to make required findings before sentencing appellant to consecutive

prison terms, we reverse.

**{¶ 2}** Appellant sets forth one assignment of error:

1. The Trial Court's sentence of Robert Stull ("Appellant") violates R.C. § 2929.14(C)(4) - and is thus contrary to law - insofar as the Trial Court did not make appropriate findings of fact for Appellant to be sentenced in a consecutive manner.

## Background

**{¶ 3}** On November 16, 2018, appellant was indicted in Sandusky County Court of Common Pleas case No. 18 CR 1159, on 14 counts of rape with specifications for 8 of the counts that the victim was less than 10 years old, all first-degree felonies and three counts of gross sexual imposition, third-degree felonies. Ten of these counts involved the same victim.

**{¶ 4}** On November 19, 2018, appellant was arraigned and pled not guilty to the charges. A jury trial was held August 5 and 6, 2019. The jury found appellant guilty of two counts of rape in violation of R.C. 2907.02, with the specification that the victim was under the age of ten and two counts of gross sexual imposition in violation of R.C. 2907.05. Appellant was then sentenced to a mandatory term of life without parole each for the two counts of rape, and five years in prison on each of the gross sexual imposition offenses "each count to run consecutive to the mandatory life sentence imposed on Counts 2 and 3."

**{¶ 5}** Appellant appealed, arguing the trial court failed to make all of the findings required under R.C. 2929.14(C)(4) for consecutive sentences.

2.

## Standard

**{¶ 6}** The standard of appellate review of felony sentences is set forth in R.C. 2953.08. This court outlined that standard of review in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, as limiting our review to whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is contrary to law.

## Law

**{¶ 7}** R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29, the court held:

When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing * * *. And because a court speaks through its journal * * * the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

**Argument and Analysis**

{¶ 9} Appellant asserts the trial court failed to find make any of the findings required pursuant to R.C. 2929.14(C)(4). After reviewing the sentencing hearing, we agree. The trial court proceeded to sentencing after giving appellant the opportunity to

4.

make a statement, sentenced appellant, advised appellant of his obligation to register as a Tier III sex offender and his right to appeal and postrelease control.

Court: Mr. Stull, did you wish to make a statement?

Mr. Still: No.

Court: The penalty on a Rape, a first degree felony Rape involving a minor under the age of 10 is mandatory life imprisonment without parole. You have been found guilty on Counts 2 and 3, which are both first degree felony Rape convictions, victim, [K.D.], being under the age of 10 at the time of the offense, the Court imposes a sentence of life in prison without parole, which is a mandatory sentence.

As to the Gross Sexual Imposition convictions, Counts 14 and 17, Count 14 involved [W.S.], Count 17 involved [S.S].

Mr. Walz: [S.S.] (different name), Judge.

Court: [S.], I'm sorry. Those convictions are third degree felonies, maximum imprisonment up to 60 months, five years. The Court imposes five years prison on Count 14, five years prison on Count 17, each count to run consecutive to the mandatory life sentence imposed on Counts 2 and 3.

{¶ 10} Appellee argues that the trial court made the required findings and the record supports those findings. Appellee does not indicate where in the record of the sentencing hearing the trial court made any findings. Appellee argues that the record supports the findings.

5.

{¶ 11} Appellee also urges us to look at the sentencing entry, which states:

The court hereby finds that consecutive sentences in this matter are required pursuant to R.C.2929.14 (C) (4), this sentence is not disproportionate to the seriousness of the offenders conduct and to the danger the offender possess to the public, the court finds that the crime is a multiple offense and at least two of the multiple offenses were committed as part of one or more courses of conduct, and harm caused by the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 12} This too is inadequate.  Appellee conceded that in the sentencing entry the trial court failed to find that consecutive sentences were necessary to protect the public from future crime or to punish the appellant.

{¶ 13} Appellee suggests that a remand to the trial court for a nunc pro tunc entry including the omitted findings could be made.  We reject that recommendation.

{¶ 14} We therefore find the record does not support the conclusion that the trial court made all findings required by R.C. 2929.14(C) at the time it imposed consecutive sentences.  We further find appellant's sentence is contrary to law.  Thus, this matter must be remanded for a new sentencing hearing.  Accordingly, appellant's assignment of error is well-taken.

6.

{¶ 15} The sentence of the Sandusky County Court of Common Pleas is vacated and the matter remanded to the trial court for resentencing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed, sentence
vacated and matter remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                             
_____
JUDGE

Arlene Singer, J.

_____
Gene A. Zmuda, P.J.                                                
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.