[Cite as *State v. Fritz*, 2022-Ohio-2739.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-L-002 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the<br>Court of Common Pleas |
| RUSSELL J. FRITZ, | |
| Defendant-Appellant. | Trial Court No. 2018 CR 000526 |

**O P I N I O N**

Decided: August 8, 2022
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Russell J. Fritz, appeals from the judgment of the Lake County Court of Common Pleas sentencing him to life in prison with the possibility of parole after 15 years on one count of murder, and eight years in prison on one count of attempted kidnapping. The court ordered the terms of imprisonment to be served consecutively for an aggregate term life in prison with the possibility of parole after 23 years. We affirm.

{¶2} Appellant and Kristen Laux ("the victim") lived together and were dating when the incident occurred. On the night of May 17, 2018, appellant was at a bar drinking and shooting darts. Upon returning to the residence, he went to bed. While it is not entirely clear what occurred once he was in bed, the facts set forth at the sentencing

hearing demonstrate a verbal altercation ensued between appellant and the victim. According to appellant, the victim "came at" him. The fight subsequently became physical which led to appellant striking the victim, choking her until she was unconscious, and then stabbing the victim in the neck and shoulder multiple times. The victim died of her injuries. Appellant subsequently contacted a friend, who recommended he call the police. Appellant did so and was arrested without incident.

{¶3} Appellant was eventually indicted on two counts of aggravated murder, two counts of murder, two counts of kidnapping, and two counts of felonious assault. Appellant entered a plea of guilty to one count of murder, in violation of R.C. 2903.02(A), an unclassified felony, and a lesser included offense of attempted kidnapping, in violation of R.C. 2923.02 and R.C. 2905.01(B)(2), a felony of the second degree. The trial court accepted appellant's guilty plea and the parties jointly recommended a sentence of a term of life imprisonment with the possibility of parole in 15 years on the murder count as well as a five-year term on the attempted kidnapping count, to be served consecutively. After a sentencing hearing, the trial court ordered appellant to serve life with the possibility of parole in 15 years on the murder count, to be served consecutively with an eight-year term of imprisonment on the attempted kidnapping count. Appellant's aggregate sentence, therefore, is life imprisonment with the possibility of parole in 23 years.

{¶4} Appellant appeals and assigns two errors. His first provides:

{¶5} "The defendant-appellant's maximum sentence on the lesser included offense in count six is contrary to law as the trial court's findings with respect to R.C. 2929.12 were unsupported [by] the record and thus, contrary to law."

2

Case No. 2022-L-002

**{¶6}** Appellant asserts the trial court erred in sentencing appellant to the maximum sentence on the attempted kidnapping because it failed to sufficiently weigh the less-seriousness factors set forth under R.C. 2929.12.

**{¶7}** "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * (b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

**{¶8}** The Ohio Supreme Court has clarified the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and R.C. 2929.12 and held that it does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial court's findings" or to "independently weigh the evidence in the record and substitute its judgment for that of the trial court." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶29, 42.[1] In effect, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 or R.C. 2929.12." *Jones*, *supra*, at ¶39.

---

1. In *State v. Bryant*, ___ Ohio St.3d ___, 2022-Ohio-1878, the Supreme Court recently clarified its holding in *Jones*, *supra*, emphasizing that although an appellate court may not reweigh the R.C. 2929.11 and R.C. 2929.12 findings of a trial court, it is not completely prevented from reviewing a trial court's considerations that are not within the gamut of those statutes. Specifically, the court held that "[n]othing about [the *Jones*] holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations - i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *Bryant*, *supra*, at ¶22.

Case No. 2022-L-002

{¶9} "Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, 'neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record.'" *Bryant, supra*, at ¶20, quoting *Jones, supra*, at ¶20. The trial court expressly stated it considered the R.C. 2929.12 factors. Further, the record demonstrates the trial court ordered and reviewed the presentence investigation report and heard arguments in mitigation. There is consequently nothing to suggest the trial court failed to consider the R.C. 2929.12 factors. Thus, to the extent appellant asserts the trial court's considerations (1) were contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 factors, (2) were unsupported by the record, and/or (3) it failed to give sufficient weight to the R.C. 2929.11 and R.C. 2929.12 factors, his arguments lack merit.

{¶10} Appellant's first assignment of error lacks merit.

{¶11} Appellant's second assigned error provides:

{¶12} "The trial court erred by sentencing the defendant-appellant to individual prison terms of life with the possibility of parole after fifteen years on count three and eight years on the lesser included offense in count six to be served consecutively, as the trial court's findings with respect to R.C. 2929.14 were unsupported by the record and thus, contrary to law."

{¶13} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

4

offender poses to the public," *and* if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. Those factors include the following:

{¶14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14.

{¶17} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37.

{¶18} At the sentencing hearing, the trial court stated:

{¶19} Consecutive sentences are necessary to protect the public from future crime and to punish the offender. And consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger that he poses to the public. And at least two of the offenses, the two separate offenses were committed as part of one course, one or more courses of conduct. And the harm caused by these two offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of the

5

course of conduct adequately reflects the seriousness of this conduct.

{¶20} The foregoing findings were incorporated into the trial court's judgment entry.

{¶21} Appellant first contends that the trial court's finding that consecutive sentences are not disproportionate to the danger he poses to the public was in error. Specifically, appellant emphasizes that his criminal record is minimal and the trial court recognized that he does not have a significant criminal history.

{¶22} While the points regarding appellant's criminal record are accurate, the nature and severity of the criminal conduct in this case supports the trial court's decision. Appellant, in a sudden explosion of violence, punched, choked, and ultimately stabbed the victim numerous times. Even though, according to appellant, the victim charged him, his response was unrestrained, excessive, and grisly. Appellant had opportunities, after he initially struck the victim as well as after he choked the victim into unconsciousness, to leave the residence and calm himself. He did not. Instead, he retrieved a knife and stabbed the victim to death.

{¶23} The trial court's findings at the April 9, 2021 hearing,[2] which were incorporated into the trial court's final sentencing hearing on appeal, echo these points. There, the trial court noted that appellant had the opportunity to leave the home prior to committing the crimes. Instead of doing so, he physically struck her in the face, knocking

---

2. The parties convened on April 9, 2021 for a sentencing hearing which was ultimately vacated by the trial court and led to the December 15, 2021 hearing. The judgment from the latter hearing is currently on appeal; while the court made the necessary statutory findings at the December 15, 2021 hearing, it expressly incorporated its observations and statements from the prior hearing into the December hearing.

6

her to the ground; he could have left, but, instead, he elected to place the victim in a choke hold and render her unconscious. Even at this point, the court observed appellant had an opportunity to leave the residence, but, instead of doing so, he stabbed her to death. From these aggressive and arguably impulsive acts of escalating violence, the court could reasonably conclude consecutive sentences are necessary to protect the public from any potential similar and sudden eruptively violent behavior as well as to punish appellant for these crimes. Although appellant's criminal record prior to this incident might not support the trial court's finding regarding the danger appellant poses to the public, his actions on the night of the incident demonstrate an unpredictability and potentially inherent volatility that certainly provide a reasonable foundation for the finding.

{¶24} Next, appellant asserts the trial court erred in finding no single prison term for any of the offenses adequately reflects the seriousness of appellant's conduct. In light of the undisputed facts, the trial court could conclude that appellant's actions, which formed the basis of the charges to which he pleaded, taken in their entirety, were sufficiently extreme and grievous as to justify the imposition of consecutive maximum sentences.

{¶25} Accordingly, we do not clearly and convincingly find that the record fails to support the trial court's decision to impose consecutive sentences under the finding in R.C. 2929.14(C)(4)(a). *See Bonnell, supra,* at ¶29. ("[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.").

{¶26} Appellant's second assignment of error lacks merit.

7

{¶27} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

8