[Cite as *State v. Gomez*, **2022-Ohio-3195.**]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2022-CA-0016 |
| TEVIN D. GOMEZ | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County
                             Court of Common Pleas, Case No. 2020-
                             CR-0768

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      September 12, 2022

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

GARY BISHOP                         WILLIAM. T. CRAMER
Prosecuting Attorney                470 Olde Worthington Road, Ste. 200
BY: PHILLIP D. BOGDANOFF            Westerville, OH 43082
Special Prosecuting Attorney
38 South Park Street, 2nd Floor
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Appellant Tevin Gomez appeals his sentence from the Richland County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} In January of 2021, appellant was indicted on fifty-two (52) counts of pandering obscenity involving a minor, felonies of the fourth degree, in violation of R.C. 2907.321(A)(5) and R.C. 2907.321(C), and four counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(3) and (B), felonies of the fifth degree.

{¶3} The trial court held a plea hearing on September 22, 2021.  Appellant withdrew his not guilty pleas, and pled guilty to all of the counts in the indictment.  The court ordered a pre-sentence investigation and a sex offender risk assessment.  Appellant was released on bond while he was awaiting sentencing.  However, on November 24, 2021, appellant was arrested for violating the terms and conditions of his bond.

{¶4} The trial court held a sentencing hearing on January 7, 2022.

{¶5} The trial court stated it reviewed and considered the purposes and principles under R.C. 2929.11, the factors in R.C. 2929.12, the pre-sentence investigation, a sex offender risk assessment profile, a psychological examination of appellant, the arguments of the parties, and a compliance report made by pre-trial supervision stating that appellant was not compliant with the terms and conditions of his electronic monitoring release.

{¶6} Counsel for appellant argued appellant is not a pedophile, but has been diagnosed as a hyper-sexed individual who has a sex and porn addiction that can be treated with counseling and cognitive behavioral treatment.  Counsel for appellant

acknowledged that while he was prepared to argue for community control, after appellant violated the terms and conditions of his bond, that would likely not be available. Thus, he requested a reasonable prison sentence. Counsel noted appellant has no felony conviction history, appellant was sexually abused as a child himself, and has always maintained employment.

{¶7} Appellant apologized for violating the terms and conditions of his bond. Appellant stated he knows it was wrong to download the images, but said he would never actually harm a child.

{¶8} Counsel for the State of Ohio reviewed the facts surrounding the indictment in this case. The Internet Crimes Against Children Task Force detected pornographic material from a Yahoo e-mail account registered to appellant. The Shelby Police Department was notified, and initiated an investigation. The Yahoo e-mail account registered to appellant was used to download and send child pornography. The police department executed a search warrant at the home where appellant was staying. They recovered electronic devices that contained pornographic material. The officers also discovered multiple sealed Ziploc bags containing used female underwear. Each bag had a name and date on them.

{¶9} Counsel for appellee also detailed the circumstances surrounding the revocation of appellant's bond. Appellant's probation officer was also present at the sentencing hearing, and explained the bond violations. Family members of appellant contacted pre-trial services with concerns about what appellant had in the basement of the home where he was staying. One of the conditions of appellant's release was that he was not allowed to have access to any device that he could use to access the internet,

including a cell phone, tablet, or computer. When the probation officer went to where appellant was staying, he found multiple electronic devices, including three cell phones and two laptops. The laptops were hidden behind a TV mounted on a cinder block wall. The probation officer also found youth underwear in Ziploc bags, hidden in cat litter containers. Appellant claimed he was using the underwear as examples for making his own line of children's underwear. Family members living with appellant reported appellant had an encrypted e-mail account. Additionally, though one of the conditions for release on bond was that appellant was not allowed to possess or drink alcohol, the probation officer found alcohol among appellant's belongings. Counsel for appellee argued for a significant prison sentence.

{¶10} The trial court stated it was concerned about appellant's violations of his electronic monitoring conditions. The court further had concerns about the number of images found in this case, the nature of the images, the child victims found in the images, and the possession of the children's underwear. The court noted appellant's prior convictions were related to drug abuse and OVI's, and his risk assessment for alcohol abuse is in the "problem range."

{¶11} The trial court sentenced appellant to 12 months on each of fourth-degree felonies, and 6 months on each of the fifth-degree felonies, with Counts 1 through 19 and 41 through 56 run concurrently, and Counts 20 through 40 run consecutively. The court sentenced appellant to a total prison sentence of twenty years.

{¶12} For the portion of the sentence in which the trial court ran the sentences consecutively, the court stated as follows:

The reason I think some need to be run consecutively is because I believe it's necessary to protect the public, to punish the offender, it's not disproportionate to the seriousness of the conduct or the danger he poses to the public, and because in this case at least two or more of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by the two or more multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of his conduct and that his criminal history --- and I know he doesn't have a felony history, but he does have juvenile adjudications and he does have misdemeanors. And he's only 27, but he does have quite a few adjudications as a juvenile, five or six, and about that many misdemeanors. And those together, you're talking 10, 11, or 12 prior offenses – his criminal history and the number of charges in this case, it's necessary to protect the public and punish the offender.

{¶13} The trial court entered a sentencing judgment entry on January 11, 2022. In the judgment entry, the trial court found consecutive sentences are necessary to protect the public from future crime or to punish the offender, and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and because: at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and the offender's history of criminal

conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} The judgment entry states as follows: "the following sentences will be served concurrently: Counts 1 through 19, and 41 through 56; and the following sentences will be served consecutively: Counts 20 through 40, for a total prison sentence of 20 years."

{¶15} Appellant appeals the judgment entry of the Richland County Court of Common Pleas, and assigns the following as error:

{¶16} "I. BY CLEAR AND CONVINCING EVIDENCE, THE RECORD DOES NOT SUPPORT CONSECUTIVE SENTENCES AMOUNTING TO AN AGGREGATE PRISON TERM OF TWENTY YEARS.

{¶17} "II. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES AMOUNTING TO AN AGGREGATE PRISON TERM OF TWENTY-ONE YEARS WHEN THE COURT'S STATED INTENTION WAS TO MERELY IMPOSE AN AGGREGATE PRISON TERM OF TWENTY YEARS."

I.

{¶18} In his first assignment of error, appellant argues the trial court erred in sentencing him to consecutive sentences.

{¶19} R.C. 2929.14(C)(4) addresses consecutive sentences. That section states:

(4) If multiple prison terms are imposed on an offender for convictions of

multiple offenses, the court may require the offender to serve the prison

terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protection the public from future crime by the offender.

**{¶20}** When imposing consecutive sentences, a trial court must state the required findings at the sentencing hearing. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. *Id.* However, a word-for-word recitation of the language of the statute is not required. *Id.* As long as the reviewing court can discern the trial court engaged in the correct analysis and can determine the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.*

**{¶21}** Appellant concedes that the trial court made the requisite statutory findings to impose consecutive sentences at the sentencing hearing and in the sentencing entry under R.C. 2929.14(C)(4). However, appellant argues the record does not support such findings. Appellant asserts a single prison term would adequately reflect the seriousness of the offenses because there is no indication appellant was actively abusing children or that he disseminated any child pornography beyond his own email accounts. Further, that appellant's adult criminal history was minimal, and appellant had a history of being abused himself, which should provide the basis for psychiatric treatment as the first option for protecting the public.

**{¶22}** During the sentencing hearing, the trial court considered the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors in R.C. 2929.12, the pre-sentence investigation, a SAQ risk assessment profile, a psychological examination of appellant, the arguments of the parties, and the testimony and compliance report made by pre-trial services. The trial court found consecutive sentences were necessary to protect the public, to punish appellant, were not disproportionate to the crimes he committed, and the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of this conduct. The trial court specifically noted appellant's criminal history, the number of charges in this case all involving child victims, and the fact that appellant's bond was revoked while he was awaiting sentencing for having hidden electronic devices, an encrypted e-mail address, and having Ziploc baggies containing youth panties hidden in cat litter containers.

{¶23} We find the trial court's sentencing on the charges complies with all applicable rules and sentencing statutes. Upon our review of the record of the sentencing hearing and the judgment entry, the trial court engaged in the appropriate analysis and made the requisite findings. We cannot say that we clearly and convincingly find that the trial court's order for consecutive service was not supported by the R.C. 2929.14(C) factors or that it was contrary to law. The sentence was supported by the record. Appellant's first assignment of error is overruled.

## II.

{¶24} In appellant's second assignment of error, he argues the trial court inadvertently imposed twenty-one years in prison, despite an intent to impose twenty years. Because the judgment entry states "counts 20 through 40" should be run consecutively, the court actually imposed a total prison term of twenty-one years because "counts 20 through 40" includes twenty-one counts. Appellant asks this Court to amend the sentencing entry.

{¶25} Appellee agrees the trial court erred when ordering counts 20 through 40 to be served consecutively instead of counts 21 through 40 to be served consecutively. However, appellee contends the nature of the error can be corrected through a nunc pro tunc judgment entry from the trial court.

{¶26} A supplemental record was submitted to this Court. On June 21, 2022, the parties made a joint motion to the trial court to amend the sentencing entry to properly reflect a sentence of twenty years, as opposed to the twenty-one years imposed in the sentencing entry. The parties, "agree[d] that this issue is best corrected with a nunc pro

tunc entry and suggest[ed] that [the trial court] impose counts 1 through 20 and 41 through 56 concurrently, and counts 21 through 40 consecutively."

{¶27} On June 24, 2022, the trial court issued a nunc pro tunc sentencing entry. The entry is identical to the January 11, 2022 judgment entry, except that it states "concurrently as to Counts 1 through 20 and Counts 41 through 56" and "consecutively as to Counts 21 through 40, for a total prison sentence of 20 years."

{¶28} Based upon the nunc pro tunc entry issued by the trial court on June 24, 2022, we find appellant's second assignment of error moot.

{¶29} Based on the foregoing, appellant's first assignment of error is overruled. Appellant's second assignment of error is moot.

{¶30} Appellant's sentence from the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur