[Cite as *State v. Shreve*, 2025-Ohio-690.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Robert G. Montgomery, J.<br>Hon. Kevin W. Popham, J. |
| -vs- | |
| KIM SHREVE | Case No. 24-COA-018 |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Ashland County Court of
Common Pleas, Case No. 23-CRI-085

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 27, 2025

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor

ANDRES R. PEREZ
Ashland County Assistant Prosecutor
110 Cottage Street, Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

BRIAN A. SMITH
123 South Miller Road, Suite 250
Fairlawn, Ohio 44333

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Kim Shreve appeals the judgment entered by the Ashland County Common Pleas Court convicting him following his pleas of guilty to four counts of violating a protection order (R.C. 2919.27(A)(1),(B)(4)) and one count of telecommunication harassment (R.C. 2917.21(A)(5),(C)(2)). The trial court sentenced him to an aggregate term of incarceration of nine years. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** In December of 2022, Appellant was incarcerated for domestic violence against his wife, who is also the victim in the instant case. On December 19, 2022, the victim reported to police Appellant was calling her from jail. While she did not accept the calls, Appellant would leave a greeting, saying, "I love you family." From December 11, 2022, to February 28, 2023, Appellant called the victim 55 times. In August of 2023, the victim reported to police Appellant was still calling her continuously. Appellant also sent her letters on a food package program, asking her to help him out by sending a food box. Appellant continued to profess his love for the victim.

**{¶3}** Appellant was indicted by the Ashland County Grand Jury on four counts of violating a protection order and one count of telecommunications harassment. He entered pleas of guilty to all charges. At the sentencing hearing, the victim detailed the physical and emotional trauma she continued to suffer from the abuse she endured at the hands of Appellant. The victim expressed her frustration with Appellant receiving sentences in the past of only a few years incarceration, and soon being released to continue abusing her. She stated she once escaped to a battered woman's shelter, but Appellant threatened to kill her dog if she did not return to him. She feared Appellant

would kill her, as he had threatened to pour gasoline over her and set her on fire if she left him. The trial court sentenced Appellant to twenty-four months incarceration on each count of violating a protection order and twelve months incarceration for telecommunications harassment, to be served consecutively for an aggregate prison term of nine years incarceration.

**{¶4}** It is from the April 16, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES UNDER R.C. 2929.14(C)(4) WAS NOT SUPPORTED BY THE RECORD.

**{¶5}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶7} The Ohio Supreme Court has recently clarified the standard of review this Court is to apply in reviewing consecutive sentences:

Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its

disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, *id.* at ¶ 97-98. To the extent that the court of appeals premised its holding on its disagreement with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

**{¶8}** *State v. Glover,* 2024-Ohio-5195, ¶¶43-46.

**{¶9}** In the instant case, the trial court found consecutive sentences are necessary to protect the public from future crime or to punish Appellant, the sentence is

not disproportionate to Appellant's conduct and to the danger Appellant poses to the public, and Appellant's criminal history demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant. Appellant concedes the trial court made the requisite findings to impose consecutive sentences, but argues the findings are clearly and convincingly not supported by the record. Appellant argues Appellant did not have direct contact with the victim because she did not answer his calls, and there is no evidence any of the calls involved threats or physical violence. He also argues the victim's statement to the court addressed issues of past acts by Appellant, rather than addressing the impact of the instant offenses.

{¶10} The trial court stated on the record at the sentencing hearing:

The Court has reviewed the facts of this case. You know, the contact that was reported was not threatening. And Mr. Shreve, you have accepted responsibility.

But that's about it as far as I can say is good in this case. You know, you have six prior felonies all resulting with prison sentences, including a prior telecommunications felony.

You're in prison for a felony domestic violence, 36 months. Your record is littered with assaults, domestic violence, multiple reductions of domestic violence, ag menacing, disorderly conduct, resisting arrest, and other telephone harassment, which was reduced from a violation of a protection order, multiple probation violations. The history just indicates that

that's what happened to you, continually and repeatedly harassed Miss Shreve.

You know, they counted from the time frame of December 11, 2022 to February 28th 2023, you called her 55 times over that two-month period. So to insinuate that you didn't and she didn't accept the calls, they were just you called. You left a message as far as your voice identification was so that she would hear it, but she didn't accept the call. So to insinuate that you didn't realize she didn't want you to do that is hogwash.

That continued into August. You were still constantly calling her in August. You sent her a letter on the food package program. Just again, a never-ending cycle of harassment, which goes with the cycle of assaulting her, intimidating her, and harassing her. I understand why she feels the way that she does. I understand why she is in constant anxiety and afraid of you. Your record supports that.

**{¶11}** Tr. 15-17.

**{¶12}** As discussed by the trial court, Appellant had a lengthy criminal history, including six prior felonies for which he served prison time. While Appellant is factually correct the victim did not accept Appellant's calls, the calls were not threatening in nature, and much of the victim's statement to the trial court involved past actions rather than the instant offenses, the victim's detailing of her history of abuse at the hands of the Appellant explained why his continuous attempts to contact her, even if the messages themselves were not threatening in nature, were not merely innocent proclamations of love, as

Appellant would have liked the trial court to believe. As noted by the trial court, the instant offenses were part of a continuous cycle of harassment of the victim in this case. We do not find the trial court's findings imposing consecutive sentences were clearly and convincingly not supported by the record.

{¶13} The assignment of error is overruled. The judgment of the Ashland County Common Pleas Court is affirmed.

By: Hoffman, P.J.
Montgomery, J.
Popham, J. concur