[Cite as *State v. Owens*, 2025-Ohio-2266.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Kevin W. Popham, J. |
| -vs- | |
| AMONT OWENS | Case No. 24-COA-030 |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Ashland County Court of Common Pleas, Case No. 24-CRI-039 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 26, 2025 |
| APPEARANCES: | |

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor's Office
110 Cottage Street, 3rd Floor
Ashland, Ohio 44805

For Defendant-Appellant

BRIAN A. SMITH
Brian A. Smith Law Firm, LLC
123 South Miller Road, Suite 250
Fairlawn, Ohio 44333

*Hoffman, J.*

{¶1} Defendant-appellant Amont Owens appeals the judgment entered by the Ashland County Common Pleas Court convicting him following his pleas of guilty to domestic violence (R.C. 2919.25), intimidation (R.C. 2921.03), and making a false allegation of peace officer misconduct (R.C. 2921.15), and sentencing him to an aggregate term of incarceration of forty-eight months.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 12, 2024, the victim, who was Appellant's wife, called police to report Appellant attempted to strangle her by placing his hand around her neck, causing her to gasp for air. When police arrived, Appellant claimed during a verbal argument, the victim punched Appellant several times. He told police he grabbed her hands and put them behind her back. He admitted grabbing the victim by the throat and pushing her onto the bed.

{¶3} Appellant was placed under arrest and transported to the police station by a female officer. While in the cruiser, Appellant said when he got out of the handcuffs, he was "fucking everything up around me." Sent. Tr. 9. He referred to the female officer as "bitch," and stated the officers were going to "fuck around and find out." Sent. Tr. 10. He said he was going to "kill all the hos" and "will get every last one of the mother fuckers," starting with the female officer. *Id.*

{¶4} Appellant remained combative during the booking process at the jail, continuing to threaten to "jab" officers, and making popping noises as if he was hitting someone. Appellant also falsely alleged he was beaten up by police officers.

{¶5} Appellant was indicted by the Ashland County Grand Jury with domestic violence, strangulation, intimidation, and making a false allegation of peace officer

misconduct.  Appellant pled guilty to domestic violence, intimidation, and making a false allegation of peace officer misconduct, and the State dismissed the charge of strangulation.  The trial court sentenced Appellant to thirty months of incarceration for domestic violence and eighteen months of incarceration for intimidation, to be served consecutively.  The trial court sentenced Appellant to 180 days in the county jail for making a false allegation of peace officer misconduct, to be served concurrently with the sentences imposed for domestic violence and intimidation.  It is from the June 11, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT, BECAUSE ITS FINDINGS UNDER R.C. 2929.14(C)(4) WERE NOT SUPPORTED BY THE RECORD.

{¶6}  In his sole assignment of error, Appellant argues the trial court's findings in support of its imposition of consecutive sentences were not supported by the record.  We disagree.

{¶7}  R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶9} The Ohio Supreme Court has recently clarified the standard of review this Court is to apply in reviewing consecutive sentences:

Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, *id.* at ¶ 97-98. To the extent that the court of appeals premised its holding on its disagreement with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused

its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply

substitute its judgment for that of a trial court." *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

**{¶10}** *State v. Glover,* 2024-Ohio-5195, ¶¶ 43-46.

**{¶11}** The trial court found consecutive sentences are necessary to protect the public from future crime or to punish Appellant, the sentence is not disproportionate to his conduct and the danger he poses to the public, two or more offenses are part of one or more courses of conduct and the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of Appellant's conduct, and Appellant's criminal history demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant.

**{¶12}** Appellant argues although he has a lengthy prior criminal history, the majority of the prior convictions are related to intoxication, and since August of 2015, he has committed only one violent offense. He argues his ORAS score was 16, putting him at only a moderate risk of reoffending. He argues he had the opportunity to take classes in anger management and job skills while awaiting trial at the county jail, and was involved in Bible study. He argues he expressed genuine remorse for the offenses at sentencing. He also argues there was no evidence to support the trial court's finding of great or unusual harm from the offenses.

**{¶13}** The record reflects Appellant had a prior criminal offense almost every year, starting in 1995. Appellant was repeatedly placed on probation, and violated his probation terms on multiple occasions. Nine months prior to the instant offense Appellant completed a 180-day sentence of community control which included counseling, yet he

reoffended. While Appellant's recent criminal history may not have included multiple offenses of violence, his past history included domestic violence against romantic partners. The victim made a statement to the court indicating she has gone through weekly counseling following this incident. The trial court stated at the sentencing hearing:

Mr. Owens, I agree with the State you have a long record of similar conduct. You have a prior felony domestic violence. You have prior assaults on girlfriends including one specifically that referenced you grabbing that individual by the throat. You have a history of threatening officers, a history of resisting arrest, history of violating protection orders, history of probation violations, and any time that you grab someone around the throat or near the throat, it is incredibly dangerous. It doesn't take long, mere seconds for somebody to lose consciousness and there are a long list of serious and life-threatening injuries that can occur from strangling somebody, from grabbing them by the throat and you have a history of doing that thing, that very thing.

It is incredibly serious and makes this case incredibly serious. Your behavior towards law enforcement was terrible. They were just doing their jobs. You made specific and repeated threats. I mean, again, you have a history of doing that.

**{¶14}** Sent. Tr. 14.

**{¶15}** At this point in the sentencing hearing, Appellant interjected he had no clue what he was doing on the night of the offenses because he was intoxicated. He stated he got off work at 3:00 that day and was trying to enjoy himself, but the victim asked a question which went "from good to bad in seconds." Sent. Tr. 15. He claimed he was not trying to hurt the victim. When the trial court explained Appellant's actions and history say otherwise, Appellant stated there was a reason he couldn't take it anymore and exploded. He went on to explain he has "issues," acts in ways he should not, and does not know how to control himself. After the trial court announced the sentence from the bench, Appellant stated, "I mean, that is just ridiculous." Sent. Tr. 19.

**{¶16}** We find Appellant's past criminal history and the facts of the instant offenses which involved multiple victims support the trial court's findings consecutive sentences were appropriate in the instant case. Further, while he argues to this Court he expressed remorse for his behavior and had participated in rehabilitation in the county jail, his statements to the court indicate he did not take responsibility for his actions, as he continued to claim he was intoxicated and he lacked the ability to control himself. His behavior in the courtroom demonstrated despite his claim he learned from anger-management classes at the county jail, he continued to struggle to control his behavior.

**{¶17}** The assignment of error is overruled.  The judgment of the Ashland County Common Pleas Court is affirmed.