[Cite as *State v. Minnich*, 2026-Ohio-2196.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. CT2026-0007 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0632 |
| CASE MINNICH | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: June 11, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** Joseph A. Palmer, Muskingum County Prosecutor's Office, Assistant Prosecuting Attorney, for Plaintiff-Appellee; April Campbell, Campbell Law, LLC, for Defendant-Appellant.

*Hoffman, P.J.*

{¶1} Defendant-appellant Case Minnich appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his pleas of guilty to grand theft of a motor vehicle (R.C. 2913.02(A)(1)) and attempted tampering with evidence (R.C. 2923.02/2921.12(A)(1)), and sentencing him to an aggregate term of incarceration of thirty-six months.

STATEMENT OF THE FACTS AND CASE

{¶2} On September 5, 2025, Appellant stole and then hid a motor vehicle. According to the representations of defense counsel, the stolen vehicle was a "crash-up derby truck" with the keys in it. Plea Tr. 12. Defense counsel stated Appellant "gets high and just doesn't think." *Id*. According to his trial counsel, Appellant walked by, saw the keys in the truck, and took it without thinking.

{¶3} Appellant was indicted by the Muskingum County Grand Jury with grand theft of a motor vehicle, receiving stolen property, and tampering with evidence. Pursuant to plea negotiations, the State agreed to dismiss the charge of receiving stolen property and amend the charge of tampering with evidence to attempted tampering with evidence, which reduced the charge from a felony of the third degree to a felony of the fourth degree. In exchange, Appellant agreed to plead guilty to grand theft of a motor vehicle and attempted tampering with evidence.

{¶4} The trial court convicted Appellant upon his pleas of guilty and the case proceeded to sentencing. The trial court sentenced Appellant to eighteen months of incarceration on each conviction, to be served consecutively for an aggregate term of incarceration of thirty-six months. It is from the January 14, 2026 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES SHOULD BE VACATED.

**{¶5}** Appellant argues the trial court's imposition of consecutive sentences was not supported by the record. We disagree.

**{¶6}** R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶7}** The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 2014-Ohio-3177, syllabus.

**{¶8}** The Ohio Supreme Court has set forth the standard of review this Court is to apply in reviewing consecutive sentences:

Nowhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings. In this case, the court of appeals purported to review the trial court's findings. But much of its analysis focused on its disagreement with the aggregate sentence. The appellate court emphasized that Glover's aggregate sentence was "tantamount to a life sentence," 2023-Ohio-1153, 212 N.E.3d 984, ¶ 59 (1st Dist.), and determined that it was too harsh when compared with the sentences that the legislature has prescribed for what the court considered more serious crimes, *id.* at ¶ 97-98. To the extent that the court of appeals premised its holding on its disagreement with Glover's aggregate sentence rather than its review of the trial court's findings, it erred in doing so.

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court. An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings. R.C. 2953.08(G)(2). Only when the court of appeals concludes that

the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence. *Id.*

Thus, an appellate court may not reverse or modify a trial court's sentence based on its subjective disagreement with the trial court. And it may not modify or vacate a sentence on the basis that the trial court abused its discretion. Rather, the appellate court's review under R.C. 2953.08(G)(2)(a) is limited. It must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence only if it "clearly and convincingly" finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings. R.C. 2953.08(G)(2)(a).

Though "clear-and-convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, "clear and convincing evidence" is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court "clearly and convincingly finds" that the evidence does not support the trial court's

findings. R.C. 2953.08(G)(2)(a). "This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court." *Gwynne,* 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 15 (lead opinion).

**{¶9}** *State v. Glover,* 2024-Ohio-5195, ¶¶ 43-46.

**{¶10}** At the sentencing hearing and in its judgment entry, the trial court found consecutive sentences are necessary to protect the public from future crime by Appellant or to punish Appellant, and consecutive sentences are not disproportionate to the seriousness of Appellant's conduct and to the danger he poses to the public. The trial court found Appellant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant. In the sentencing entry, the trial court also found Appellant had previously been in prison, violated his bond in the instant case, and has a pending theft case in Zanesville Municipal Court.

**{¶11}** At the sentencing hearing, the trial court reviewed Appellant's extensive criminal record, specifically involving theft offenses. Appellant was released from prison in June of 2025, several months before committing the instant offense. Appellants criminal history included convictions of attempted tampering with evidence, multiple convictions of theft, criminal damaging, obstructing official business, resisting arrest, possession of drug paraphernalia, criminal damaging, OVI, possession of marijuana, and receiving stolen property, with his adult criminal history dating back to 2014. The court also took note of Appellant's juvenile record, which included adjudications of theft,

possession of marijuana, assault, disorderly conduct, criminal mischief, trespass, menacing and criminal damaging. Appellant conceded the trial court's recitation of his past criminal history was "accurate." Sent. Tr. 8. In addition, Appellant's bond was revoked in the instant case, and he had a pending theft charge in Zanesville Municipal Court with further indictments expected. We do not clearly and convincingly find the record does not support the trial court's findings concerning the imposition of consecutive sentences.

{¶12} The assignment of error is overruled.

{¶13} The judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶14} Costs to Appellant.


By: Hoffman, P.J.

Baldwin, J. and

Gormley, J. concur.